UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00288-GCM
(3:01-cr-00091-GCM-1)

| BARRY DUPRIEST DOBY, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and Petitioner's Motion for Alternative Relief under 28 U.S.C. § 2241 [CV Doc. 7]. Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

I.   **FACTUAL BACKGROUND**

In September 2001, Petitioner Barry Dupriest Doby ("Petitioner") pleaded guilty "straight up" without a plea agreement to one count of possession with intent to distribute cocaine base, having been previously convicted of two counts of possession with intent to sell cocaine, one count of felony possession of cocaine, and one count of possession with intent to sell and deliver marijuana, all in Mecklenburg County, North Carolina, in violation of 21 U.S.C. §§ 841 and 851 (Count One); one count of using and carrying a firearm in furtherance of a drug

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00288-GCM, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:01-cr-00091-GCM-1.

trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two); and one count of possession of a firearm after having been convicted of possession with intent to sell cocaine in violation of 18 U.S.C. § 922(g)(1) (Count Three). [CR Doc. 1: Bill of Indictment]. The Government filed an Information pursuant to 21 U.S.C. § 841(b), contending that, as to Count One, Petitioner was responsible for less than 5 grams of cocaine base. [CR Doc. 2: 841 Information].

At Petitioner's Rule 11 plea hearing, which was held on September 26, 2001, Petitioner testified that he understood the charges against him, the maximum penalties, and any mandatory minimum sentences. [CR Doc. 18 at ¶¶ 8, 9: Acceptance and Entry of Guilty Plea]. Petitioner also attested to having spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case. [Id. at ¶ 10]. Petitioner further testified that he is, in fact, guilty of the Counts in the Indictment to which he was pleading guilty. [Id. at ¶ 21].

Before Petitioner was sentenced, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 38]. The probation officer calculated a Total Offense Level (TOL) of 31, based on the characteristics of Petitioner's offense and on Petitioner's career offender status due to his above-enumerated prior convictions. [Id. at ¶ 22]. This TOL of 31, combined with a criminal history category of VI, yielded a then-mandatory Sentencing Guidelines range of imprisonment of 188 to 235 months for the drug trafficking and felon-in-possession offenses. [Id. at ¶ 81]. The probation officer also noted that Petitioner faced a statutory maximum term 30 years for Count One, a statutory maximum term of 120 months on Count Three, and a statutory minimum consecutive term of imprisonment of 60 months on the § 924(c) offense (Count Two). [Id. at ¶ 80]. There were no objections to the PSR. [CR Doc. 25].

On April 1, 2003, the Court sentenced Petitioner to a term of imprisonment of 188 months on Count One, a term of 60 months on Count Two, to be served consecutively to the

term imposed on Count One, and a term of 120 months on Count Three, to be served concurrently with the terms imposed on Counts One and Two. [CR Doc. 30 at 2: Judgment]. Judgment was entered on Petitioner's conviction on May 9, 2003. [Id.]. Petitioner did not directly appeal his conviction or sentence.

On June 24, 2019, Petitioner filed the pending (and his first) Motion to Vacate, Set Aside or Correct Sentence under § 2255. [CV Doc. 1]. The Court ordered the Government to respond to Petitioner's motion. [CV Doc. 2]. The Government timely responded, moving to dismiss Petitioner's motion to vacate as untimely. [CV Doc. 5]. In turn, Petitioner filed a Motion for Alternative Relief under 28 U.S.C. § 2241, conceding that his § 2255 motion was, in fact, untimely and instead seeking relief under § 2241. [CV Doc. 7].

## II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). By contrast, Section 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where Section 2255 is inadequate or ineffective to test the legal

3

validity of a petitioner's conviction, the "savings clause" of Section 2255 permits a petitioner to seek relief under Section 2241. In re Jones, 226 F.3d at 333; see Swain v. Pressley, 430 U.S. 372, 381, 97 S. Ct. 1224 (1977). A procedural impediment to § 2255 relief, however, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review 'inadequate" or "ineffective." Norman v. Owens, No. 5:12-cv-01158, 2013 WL 4042038, at *4 (D.S.C. Aug. 7, 2013) (citing In re Vial, 115 F.3d at 1194 n. 5).

While the savings clause can be invoked to permit Section 2241 relief where Section 2255 is inadequate or ineffective, it only applies to permit such relief, when (1) at the time of conviction, settled law of the Fourth Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first Section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of Section 2255 because the new rule is not one of constitutional law. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). The Fourth Circuit held in Wheeler that § 2255 is inadequate to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug

4

offense," which is defined as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." 21 U.S.C. § 851.  In United States v. Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the individual defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005).  649 F.3d 237 (4th Cir. 2011) (en banc).  Subsequently, in 2013, the Fourth Circuit held that Simmons is retroactive on collateral review.  Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).  Despite having not filed the pending motion to vacate until 2019, Petitioner seeks relief under Simmons.

In his § 2255 motion, Petitioner argues that his sentence was improperly enhanced because Petitioner's status as a career offender was based on his prior convictions for North Carolina drug offenses where the maximum aggravated sentence would have exceeded 12 months for a hypothetical defendant with the worst possible criminal history. [CV Doc. 1 at 2 (citations and quotation marks omitted)].  Petitioner further reasons that absent the career offender enhancement, Petitioner's TOL would have been no higher than 25.  As such, with a criminal history category of VI, Petitioner's non-offender guidelines range of imprisonment would have been 110 to 137 months, plus a mandatory consecutive sentence of 60 months on Petitioner's § 924(c) offense.  [Id.].

The Government argues, and Petitioner now agrees, that Petitioner's motion to vacate under § 2255 is untimely, having been filed some 16 years from Petitioner's conviction becoming final.[2]  See 28 U.S.C. § 2255(f).  Petitioner now seeks alternative relief under § 2241.

---

[2] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period

5

Petitioner argues that, although he "could have filed a timely motion between May 2003 and May 2004," his potential claim during that time "was foreclosed by Fourth Circuit precedent that remained binding until the en banc Simmons decision in August 2011." [CV Doc. 7 at 5]. Petitioner's argument is unavailing. That Simmons was unavailable during the year after Petitioner's conviction became final does not excuse Petitioner from having timely sought § 2255 relief. See Whiteside v. United States, 775 F.3d 180, 185-86 (4th Cir. 2014); Bousley v. United States, 523 U.S.C. 614, 623, 118 S. Ct. 1604 (1998) ("[F]utility cannot constitute cause [for procedural default] if it means simply that a claim was unacceptable to that particular court at that particular time."). As in Whiteside, Petitioner "makes no allegation that he was unable to file in a timely fashion – only that doing so would probably have been unsuccessful in light of extant case law." Whiteside, 775 F.3d at 186. The Supreme Court in Whiteside reasoned as follows:

> To appreciate the point, suppose three, five, or ten years had

---

for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

6

> passed between a conviction becoming final and the time when
> some change in circuit law occurred. If we were to adopt
> Whiteside's argument, whenever there is a change in circuit law of
> sufficient magnitude (whatever that is), a petitioner would have a
> year to file after the change, even if many years had passed since
> the conviction became final. That simply vitiates the point of
> statutes of limitations in general …. Even changes in law must be
> applied to facts, and statutes of limitation reduce the risk of claims
> being less accurately litigated long after the fact.

Id. at 187. As such, Petitioner cannot now, after not appealing his conviction or timely seeking relief under § 2255, employ § 2241 through the savings clause to find relief from his sentence. The Court, therefore, will grant the Government's motion to dismiss and deny and dismiss Petitioner's motions for relief under § 2255 and § 2241.

IV. **CONCLUSION**

For the reasons stated herein, the Court denies and dismisses with prejudice Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and Motion for Alternative Relief under 28 U.S.C. § 2241.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] and Petitioner's Motion for Alternative Relief under 28 U.S.C. § 2241 [Doc. 7] are **DENIED** and **DISMISSED WITH PREJUDICE**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is

7

denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

(3) The Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: April 14, 2020

*[Signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge